Our next case for argument is 22-1575 Williams v. Bureau of Prisons. Mr. Whitehead, please proceed when you're ready. I haven't met counsel. Excuse me first. Good morning, Jack Whitehead from Baton Rouge. Good morning, Your Honors. I'm so glad I'm not discussing Patent Law today. I'd be completely lost. We're here on a very simple forthright matter involving arbitration at FCC Beaumont, Texas, where an arbitrator failed to use his proper authority in this disciplinary matter. You have our briefs. I could recount some simple facts, but what's important, legally speaking, is that there were two charges brought against this lady. Failing to report contact with an inmate, which was denied, was then the proposed removal. What's supposed to happen as a matter of federal law is that if a particular matter is changed, then you have to go back and do your own Douglas factor analysis. Arbitrator Bonney did not do that. In fact, he even stated in his opinion that if this was a private case, I'd feel very comfortable placing this lady back in the service, but because I'm constrained by the agency's decision. That's not his role. That's an error of law. I don't know. I think you just understated his opinion. His opinion was the just and fair thing to do would be to set aside the removal. That's right. And he didn't do that, but he says he could. He was restrained by the agency, but that's his job to make his own independent analysis, and he didn't really run through a Douglas factor. Is that the LeChance case? Pardon me? Is that the LeChance case? Yes, it is. Not all charges are sustained. The arbitrator or the board have to look at what would be what the agency would have imposed absent that charge. That's correct, and it's in a range of penalties. And he didn't do that at all. He didn't do that at all. And there's nothing in the deciding official's final decision that suggests that he would have still sustained it if not all charges had been sustained. It is not. That's this case very simply why we're before your honors, and I don't want to belabor the point. It's not that complex. It's straightforward. Our briefs are quite well reasoned, and my opponent's brief is really, really reciting what the arbitrator said. We're asking you to remand this matter to arbitrator body to properly do his analysis. If he comes up with the same decision, he does, but it must be done properly. The underlying facts of this case, if I could just make a quick recount. Was there any testimony by the deciding official during the hearing about what he would have done if one of the charges wasn't sustained? No. His view was quite simple. Once an inmate, always an inmate. The fact that this relationship with this inmate began years later. He had been out for five years. He was still under supervision. He was under supervision for two months after it was reported, and after that he was no longer the definition of an inmate. It appeared completely innocent the fact that this couple had a relationship and have a child and a marriage. The timing here is a little complicated for me, but as far as I can tell is once the petitioner knew about the relationship, she reported it. Yes, she did. But he was already beyond the definition of an inmate at that time, wasn't he? Two more months later. Okay. But she reported it promptly. As soon as she figured it out, yes, she did. During her, when an officer is under investigation, we've nicknamed the penalty box. You're sitting there listening to inmate calls and doing something where you have no contact for an inmate, no chance to earn extra money during the COVID times. She still received outstanding evaluations and did her job without question, which is really part of the undercurrent here and where to seek justice and fairness and have this relationship begin sooner. She needs to go because you cannot have a compromise within a federal penal institution. That didn't occur in this instance. It really didn't. Okay. Why don't we go ahead and hear from Ms. Brandt? Certainly. Thank you, Your Honor. It's a pleasure to be here. I love going to Edith Moran's tavern. Good morning. May it please the court? Don't you have a pretty significant problem here with the arbitrator not specifically looking at what the penalty should have been absent the non-sustained charge? Well, Your Honor, in this case, while I appreciate my opposing counsel's recitation of the facts, I do believe that one thing that was omitted from his recitation of the facts is the fact that for both failing to report in addition to maintaining the improper relationship with a former inmate, Ms. Williams could be removed under either. Oh, no. Absolutely, you're right. The table of penalties says that. But the failure to report was not sustained, right? That's correct, Your Honor. And our case law says if all the charges aren't sustained and there's no indication that the deciding official would have come to the same penalty conclusion, then it is up to the arbitrator or the board to determine whether the penalty was still what the agency would have chosen. Where in, and I know you're stuck with the record in this case, I feel for you, but where in the deciding official's decision did he do that? Well, Your Honor, you are correct. The record is the record. So I'm pouring through the record. I did note some testimony from the warden, from the deciding official, where he essentially indicated, if Your Honor looks at Supplemental Appendix 137, he stated that given everything that he knew about the case and investigation, which would include Ms. Williams' contention that she reported her relationship the day after she learned Mr. Hayes was a former inmate, that he would not have changed or amended his decision in any way. Where is this on page 137? 137 of the Supplemental Appendix, Your Honor. Is this a question, given what you know about the case sitting here today, would you have changed or amended your decision in any way? Yes, Your Honor. But I don't understand. Was he asked if she was in fact truthful and did report right away? Would you change your mind? So it was at the summation of, it was basically a redirect. And agency counsel was essentially trying to elicit from the deciding official essentially what his view of the case was, generally speaking, and whether or not he would have made any alterations or amendments. But his view of the case was based on what he understood the case to be, which included both charges. There's nothing in this that suggests if only one of the charges is sustained, I'd still come out the same way. Well, Your Honor, I think that in, again, I think if you tie it back to the point that I made earlier, which is that Ms. Williams could have been removed for either. That's good. That's not woody-up. Look at page 62 of the appendix, counsel. Let's look at page 62. This is the deciding official. Page 62. Here on page 62, he is saying that one of the most important factors, Douglas factors for him, he says, so I took into account, you know, factors on that line four, if you're with me. I want to give you a chance to get with me. Yes. Line four. So I took into account, you know, that factor, many factors, and made my decision to review the Douglas factors. And then I determined I didn't. I'm sorry, Your Honor. You said page 162. 162. No. 62. 62. Page 62, line four. Are you there now? Yes, Your Honor. This is the deciding official. So I took into account, you know, that factor, many factors, and made my decision and reviewed the Douglas factors. And then determined that I didn't believe there was a chance for rehabilitation based on the fact that it wasn't forthright, the information. And it's a position of public trust. You know, withholding the information about her relationship with Mr. Hayes is obviously unacceptable. And I have to take into consideration. And so what he is saying here was an important factor in his decision, ultimately, was that she withheld the information. But the arbitrator found the opposite from a fact finding. The arbitrator found she did not withhold. She promptly reported. So how is it that you conclude he would have reached the same penalty even if he understood she did not withhold information? Well, Your Honor, while I can appreciate that the court did not like my previous response and I tried to explain that, again, in looking at the warden's testimony that he gave during the hearing, it, based on my understanding. This is testimony too. I mean, even if we accept that the page you cited to us supports your view, isn't the real problem here that the arbitrator didn't grapple with any of this? He didn't look at the page you cited and he didn't look at the pages we just cited. And he didn't look at the warden's decision and determine whether, even if the failure to report charge wasn't sustained, removal was still a problem. I mean, if we send it back, you still have a chance to argue that this testimony you're talking about supports removal. Your friend on the other side can argue all this other stuff supports a lesser penalty. But you're asking us to now step into the place of the arbitrator and do the correct legal job of determining what the agency would have done if only one penalty has been sustained. Your Honor, I do think that the Douglas analysis that the arbitrator did engage in nonetheless showed that the penalty was reasonable for the act of misconduct that Ms. Williams was ultimately... I mean, I would be very careful in pushing that point because I have the arbitrator's analysis before me. And I don't see anything in it where it suggests that he has carved out the two different penalties. He sustained one, but then when he keeps going back and looking at the warden's testimony, he just talks about misconduct. But the warden never testified absent that one point that he didn't address that you're citing, that he would have done it absent one penalty. He's just talking about the warden's testimony in his removal decision letter as supporting the removal. But the removal letter can't be evidence of what the agency would have done absent one of the charges not being sustained because it didn't say anything about that, right? It relies on both of them. And throughout the arbitrator's decision on Douglas factors, he's talking about the warden's testimony and removal letter. How do we know that there's anything in this that suggests the arbitrator understood the correct legal standard here? That's a fair question, Your Honor. Did the arbitrator even cite LaTrance versus Duvall? Let me just look briefly. I don't really see any. There's certainly no, I mean, you agree there's no discussion in the arbitrator's decision that of the law that when one charge is not sustained, the arbitrator has an independent duty to determine what the agency would have selected. If I recall, Your Honor, I think the arbitrator may have, there may be a line in there about it. It may not have been a substantial note about it. But if I may just have one moment. Well, we don't need to belabor the point. Let's just assume I'm right that the arbitrator didn't discuss this legal standard and therefore didn't apply the proper law. You agree that we'd have to send it back, right? If the arbitrator failed to apply the proper law, then it would have to go back, Your Honor. Thank you. Thank you, Your Honor. On page 31 of the arbitrator's opinion, he says, on these facts, the just and fair thing that we'd set aside the removal in favor of a long suspension, reinstate her agreement to her position as a federal correctional officer and order back pay. If this were a private sector case, I would do the just and fair thing. That's what he was thinking. He just didn't do the proper analysis. It's time for this honorable court to take this to the right. Well, I mean, I get your point, and it sounds like he might do that when it goes back. But that's not the correct legal standard either. No, it's not. It applies to the private sector. He has to apply his own Douglas factors. He has to apply and run through the analysis. So you agree that we can't just reverse. You can't. We have to send it back. And I think it's because we have to. Yes. If there's no further questions, thank you. It's been a pleasure. I thank both counsel. This case is taken under submission.